## (July 14, 1964)

In the Matter of the Claim of ANNA DAUM, Respondent, v. ROCHESTER STATE HOSPITAL, Respondent, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal by the Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law from a decision of the Workmen's Compensation Board which held that the chairman's determination, made through a Referee, awarding medical expenses, is not reviewable by a board panel. In 1942, claimant slipped on a grape skin while on duty as a registered nurse at appellant State mental hospital. She injured her left ankle, but lost no time from work and, in June, 1943, the case was closed with no award since disability had not exceeded the seven-day waiting period. More than 18 years later the case was reopened when, on September 8, 1961, a medical report was submitted indicating that claimant was suffering a disability and was in need for treatment. The case was restored to the calendar for a hearing as a charge against the Special Fund. Thereafter claimant suffered a degenerative condition of the left ankle joint and an ankle fusion was performed on December 11, 1961. After several adjournments due to claimant's hospitalization, hearings were held before a Referee purportedly acting for the chairman in his representative administrative capacity. This hearing procedure was ordered by the board which, pursuant to the Special Fund's appeal to it, ordered that medical evidence be taken to settle the issue of causal relationship, the Referee to render a decision on causal relationship and need for treatment. The Referee made a finding of liability against the

Special Fund in that medical evidence substantiated the existence of causal relationship and the necessity for the surgery which had been performed. In a "Notice of Administrative Decision" issued by the chairman, the Special Fund was directed to pay the medical expenses. The Special Fund filed an application for review with the board which was rejected, the board stating: "The Board finds that the issue involved is not reviewable by a Panel of the Board as it concerns an administrative ruling." The Special Fund appealed here and upon the Attorney-General's motion to dismiss the appeal we stated that it appeared that the board had decided on the merits a question of law as to its jurisdiction which we could review. Upon this appeal the Special Fund has attempted to inject a factual issue which it did not raise in its application to review (the legitimacy of authorization for medical treatment subsequent to the time the treatment was rendered), and, consequently, we will not entertain it. (*Matter of Hedlund* v. *United Exposition Decorating Co.*, 15 A D 2d 973, mot. for lv. to app. den. 11 N Y 2d 646; *Matter of Chersi* v. *Lulich Constr. Co.*, 19 A D 2 672.) And, of course, since the board made no determination of anything other than its jurisdiction that can be the only question properly here. In our view the board did have jurisdiction to entertain an appeal from this "administrative decision" since, despite the label given it, the determination was the product of the adjudicative process and therefore fell within the purview of section 23 of the Workmen's Compensation Law. While it is true that in certain cases authorization for continuing medical treatment by the chairman under subdivision 2 of section 25-a is purely administrative, liability having previously been established (*Matter of Youngelman* v. *City of New York*, 10 A D 2d 173, app. dsmd. 9 N Y 2d 905), in a situation such as we are now presented with, where causal relationship, a fundamental issue, was not even established and could only be established through the board's normal judicial machinery, it cannot be maintained that the resulting determination was administrative in nature and therefore not subject to the usual review procedures. Nor is there any validity to the argument that the Statute of Limitations in section 123 of the Workmen's Compensation Law deprives the board of jurisdiction. The time limitations therein apply only to awards of compensation and do not apply to awards for medical expenses. (*Matter of Youngelman, supra.*) That this case presented questions for adjudication pursuant to the board's usual powers was recognized by the board itself in remitting for that purpose upon the prior application; and the resultant determination did not lose its character, nor was the nature of the prior proceedings transformed, by the mere circumstance that thereafter appellant elected to seek review of no more than a question of law; that is, the purely legal question whether or not the section 123 time limitations applied with equal force to both awards of compensation, and awards for medical expenses. That question was quite clearly answered in *Matter of Youngelman* and, had the board handled the question, it would have been compelled to rule against the Special Fund and affirm the Referee's determination. Since the board made no determination on the sole issue thus presented, however, we have no alternative but to remit the matter to the board for a decision on this issue — this upon our primary determination that the board had the power and duty to review the appeal. Decision reversed and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur; Herlihy, J., concurs in the result.